Moncure, P.,
delivered the judgment of the court.
The court, without deciding whether the causes of action set forth in the amended declaration could or could not properly be joined wúth the cause of action set forth in the original declaration, is yet of opinion that the supposed variance between the writ and the amended declaration, if there be any such variance, is matter for a plea in abatement only, and not a plea in bar ; and as au office judgment cannot be set aside except by the defendants appearing and pleading to issue, (Code, 714, §45), that is, pleading in bar of the action, unless some matter in abatement happens after the conditional judgment is confirmed in the office, and before the next term ; in which case the defendant should be allowed to set aside the office judgmeut by pleading the matter, in the form of a plea puis darrein continuance, before the end of the next term, (1 Rob. Pr. old ed. p. 205; 5th id. new ed. p. 18); the Circuit court, therefore, erred in overruling the objection of the plaintiff to the filing of the special plea offered by the defendant in this case, (being a plea in abatement), and ordering the same to be filed to set aside the office judgment. And the court is further of opinion, that the reasons assigned by the said court for overruling said objection and ordering said plea to be filed are not sufficient for that purpose. The record shows that, although it appeared to the said court by inspection of the Rule Book thereof, that the same *404 had been irregularly kept, and although in this cause the statement showing the state of the parties and pleadings and orders in the case, required by the rules of practice of the court, had not, up to the commencement of the term when the plea was received been filed and kept with the papers of the cause ; yet the rules in this cause, to wit: the “ Common Order,” and the “ Common Order confirmed,” were regularly taken, and the cause was regularly placed on the office judgment docket, w'here it properly was when the said plea in abatement was received. If the rules had not been regularly taken, and the cause had been improperly put upon the office judgment docket, it would have been competent for the court, and indeed would have been its duty, (having control over all proceedings in the office during the preceding vacation), to have remanded the cause to the rules, in order that proper proceedings might there be had therein. It is, therefore, considered by the court, that the said judgment is erroneous, and that the same be reversed and annulled, and that the plaintiff recover against the defendant his costs by him expended in the prosecution of his writ of supersedeas aforesaid here. And it is ordered that the said plea and all the proceedings thereon be set aside, and the cause remanded to the said Circuit court for further proceedings to be had therein, on an enquiry of damages, or on any plea in bar which may be offered by the defendant and received by the court, or otherwise, according to law and in conformity with the foregoing opinion and judgment; which is ordered to be certified to the said Circuit court of Frederick county.
Judgment reversed.